# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

EVEROL PALMER, )
)
    Movant, )
)
v. ) CR417-066
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **REPORT AND RECOMMENDATION**

Guilty-plea convicted for possession of a firearm as armed career criminal, doc. 31 (plea agreement), Everol Palmer was sentenced to 180 months' imprisonment. *See* doc. 34 (sentencing memorandum); doc. 37 (judgment). His appeal is pending. Doc. 41; *see Palmer v. United States*, 17-15718 (11th Circuit). He has now filed a motion for reconsideration of his presentence investigative report (PSR), disputing that it sufficiently established he had a "serious drug offense" within the meaning of the Armed Career Criminal Act and also alleging that counsel was deficient for failing to file an appeal as directed. Doc. 48. As an initial matter, an appeal *was* filed, patently mooting Palmer's ineffective assistance of counsel argument as set forth in the motion. As to his other allegations,

it appears that Palmer is not seeking reconsideration -- he is seeking to vacate the armed career criminal enhancement on his sentence.

The Court thus must reconstrue Palmer's motion as a § 2255 motion to vacate his sentence. Normally, such reconstrual requires a *Castro* warning[1] that if he chooses to proceed with his motion, Palmer will lose his ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. However, Palmer's appeal is yet pending, which means there remains a chance that he may yet secure from the Court of Appeals the exact relief he seeks here (the vacatur of his sentence).

Section 2255 habeas motions are "intended to afford strictly post-conviction relief." *See United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (citing 28 U.S.C. §§ 2255(a), (f)). Collateral relief and direct-appeal relief cannot be pursued simultaneously, as "the disposition of a direct appeal might render a habeas motion unnecessary." *Id.* (citing *United States v. Khory*, 901 F.2d 975, 975

---

[1] *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

(11th Cir. 1990) (absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief)); *see also Kapral v. United States*, 166 F.3d 565, 570 (3rd Cir. 1999) ("a collateral attack is generally inappropriate if the possibility of further direct review remains open."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) ("[e]xcept under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.").

"To this end, the record includes no reason to conclude that [Palmer's] case presents extraordinary circumstances that render this reasoning inapplicable." *Casaran-Rivas*, 311 F. App'x at 273. His reconstrued § 2255 motion should thus be **DISMISSED** without prejudice to his refiling his motion (*after* his appeal has been decided)

as premature.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x

---

[2] Meaning, should movant decide to pursue collateral relief *after* resolution of his direct appeal, that subsequent § 2255 motion would not be considered second or successive. Dismissal is thus appropriate at this stage, rather than providing a futile *Castro* warning and allowing Palmer to amend his motion.

542, 545 (11th Cir. 2015).

**SO ORDERED,** this  15th  day of February, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA